THE PEOPLE EX REL. MARTHA S. WARNER V. JAMES A. RANDALL.

*Mandamus to Proceed on an Order of Reference in Foreclosure—Act 96 of 1877.*

Mandamus lies to compel a circuit court commissioner to proceed on an order of reference tendered to him for execution in a foreclosure case.

A reference to ascertain the amount due under a mortgage, or any other interlocutory reference in a case not instituted for an accounting, is not within Act 96 of 1877 requiring references for accounting in chancery causes to be made to the circuit court commissioner who has been designated as injunction master.

MANDAMUS. The facts are in the opinion. Submitted October 23. Decided October 24.

*Walker & Kent* and *Hoyt Post* for the writ.

PER CURIAM. Application for a mandamus. The respondent is one of the circuit court commissioners of Wayne county. An order of reference in a foreclosure case has been tendered to him for execution, and he has declined to proceed under it on the ground that as he has not been designated by the circuit judge to perform the duties of injunction master, he is precluded by the act of 1877 entitled "an act to provide for the reference of certain causes in chancery involving an accounting between the parties," (Public Laws 1877, p. 76) from acting under such an order.

We think the respondent is in error. The exact purpose and scope of the act in question may be open to controversy, but we think only those cases are within its terms where the bill is filed for an accounting, and a reference is ordered to take and state an account. Mortgage cases are not of that class, and a reference to ascertain the amount due on the securities or any other interlocutory reference in a case not instituted for an accounting is not within the contemplation of the act referred to.

The writ must issue.